United States District Court
Southern District of Texas
**ENTERED**
March 29, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASWANT SINGH GILL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-2502 |
| | § | |
| JAGMOHAN SINGH GREWAL, | § | |
| *Defendant*. | § | |

## **ORDER**

Two cases were consolidated to create the case before the Court today.

- On August 29, 2014, in this Court, Jaswant Singh Gill, Shaun Singh Gill, Doc Call Live, LLC, CyMed Management Associates, LLC d/b/a Doctors Express, and Healthema, LLC sued Jagmohan Singh Grewal a/k/a Amind Corporation and Healthema India Private Limited. (Docket No. 4:14-cv-2502).

- On November 10, 2014, before a different district judge, Jagmohan Singh Grewal, individually and on behalf of Healthema, LLC sued Jaswant Singh Gill, Healthema, LLC, Shaun Singh Gill, Jaswant Gill & Balbindar Gill, LLC, Cymed Management Associates, LLC, and Cymed Tomball, P.A. (Docket No. 4:14-cv-3223).

On January 23, 2015, the cases were consolidated in this Court. (Doc. No. 7). While considering cross motions for summary judgment, this Court became concerned that it did not have jurisdiction. Due to this concern, it asked for and received additional briefing from the parties. It first asked for briefing as to the citizenship/domicile of the parties to determine if diversity jurisdiction exists. (Doc. No. 72). Both sides responded to the order. (Doc. Nos. 74, 75). The Court then followed with an order designed to determine if there is another basis for jurisdiction. (Doc. No. 76). Both sides responded to that order as well. (Doc. Nos. 77, 78).

"[C]onsolidation does not merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another." *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 676 (5th Cir. 2011) (internal quotation marks omitted). This Court "must view each consolidated case separately to determine the jurisdictional premise upon which each stands." *Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989). While this proposition is not universally recognized, the Court will accordingly assess whether subject matter jurisdiction exists in each case, as it does not affect the end result.

Healthema, LLC is obviously a limited liability company. The citizenship of a LLC is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A party seeking to establish diversity jurisdiction must specifically allege the citizenship of each member of the LLC or partnership involved in a lawsuit. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). The parties did not do so in this case.

Nevertheless, in response to this Court's order, both sides provided the relevant citizenship information. Mr. Grewal is a citizen of California. Mr. Grewal is also a member of Healthema, LLC. Consequently, Healthema, LLC has California citizenship. Furthermore, Healthema, LLC is the sole member of Doc Call Live LLC, meaning Doc Call Live LLC is also a citizen of California.

I. **Docket No. 4:14-cv-2502**

In this proceeding, Plaintiffs ("the Gill Parties") concede that the Court does not have diversity jurisdiction. In this regard, they are correct, as Healthema, LLC and Doc Call Live LLC (Plaintiffs) share California citizenship with Grewal (Defendant). The Gill Parties assert, however, that there is federal question jurisdiction owing to their federal Declaratory Judgment Act claims: ". . . Plaintiffs filed a complaint asserting a federal statutory cause of action for declaratory

2

judgment. Accordingly, this Court has federal-question jurisdiction over Plaintiffs' Declaratory Judgment claim." (Doc. No. 77).

The Gill Parties' contention, unfortunately, does not comport with the law. Neither the federal Declaratory Judgment Act, 28 U.S.C. § 2201, nor Federal Rule of Civil Procedure 57 confers subject matter jurisdiction. *See Rogers v. Ingolia*, 424 F. App'x 283, 288 (5th Cir. 2011) ("... the district court nonetheless correctly dismissed [the plaintiff's] claim as 'no subject matter jurisdiction exists because the Declaratory Judgment Act does not confer subject matter jurisdiction on a federal court where none otherwise exists.' ... [T]he Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present." (some internal quotation marks omitted)). The "Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001).

Accordingly, unless there is some other federal question pleaded, this Court does not have jurisdiction. The Gill Parties' claims in this lawsuit can be summarized as follows: (a) breach of fiduciary duty; (b) breach of contract (with six subparts); (c) a plea for a declaration that no money is owed to Defendant; (d) a plea for a declaration that Defendant is not entitled to any interest in Healthema, LLC; (e) a plea for a declaration that Plaintiffs do not owe money to Defendant for any attorneys' fees or costs; (f) a plea for a declaration that CyMed Management Associates, LLC d/b/a Doctors Express is not affiliated with Healthema, LLC and has no liability or relationship to Defendant; (g) a plea for a declaration that Defendant has no right to the trade name "Doc Call Live"; and finally (h) a plea for a declaration that Defendant may not control or be employed by

3

any business similar to that of Healthema, LLC. These are all state law claims. There is not a federal question claim among them.

Since this Court has neither diversity jurisdiction nor federal question jurisdiction and since no other basis of jurisdiction has been suggested, this Court must conclude that it lacks jurisdiction over Docket No. 4:14-cv-2502 and dismiss the case.

## II. Docket No. 4:14-cv-3223

Plaintiff in this now-consolidated case ("Grewal"), recognizing that the presence of Healthema, LLC as a defendant and himself as a plaintiff destroys diversity, maintains that he could dismiss his breach of employment agreement claim against Healthema, LLC, the only claim in which Healthema, LLC is a real party in interest, and cure the problem. However, "although 28 U.S.C. § 1653 and [Rule] 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original complaint was filed' or removed." *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 337 (5th Cir. 2014) (quoting *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 218 (5th Cir. 2012)).

> "[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect." *Falise v. American Tobacco Co.*, 241 B.R. 63, 65 (E.D.N.Y. 1999) (Weinstein, J.). While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts." *Newman–Green*, 490 U.S. at 831, 832 n.5, 109 S. Ct. 2218 (citing *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983)); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775–776 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction. *See* MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). The cause for this concern is readily apparent: "never having had power to act in the matter, the court never had authority to permit an amendment to the complaint." *Falise*, 241 B.R. at 66.

*Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). Accordingly, the Court is precluded from granting Grewal leave to amend to dismiss the nondiverse party, as such an amendment would create subject matter jurisdiction for the first time.

### III. Consolidated Case

In the alternative, if the two original cases are viewed as a single case at this stage, the Court does not have subject matter jurisdiction for additional reasons. For example, although Grewal has offered to dismiss his claim against Healthema, LLC, the Gill Parties have not offered to dismiss Healthema, LLC's claim or Doc Call Live LLC's claim against Grewal. That being the case, there is still no diversity jurisdiction.

The Court is compelled to dismiss the case or cases for lack of subject matter jurisdiction.

### IV. Conclusion

All pending motions (including the parties' cross motions for summary judgment, Doc. Nos. 46, 65) are denied as moot, and the consolidated case is dismissed without prejudice.[1]

IT IS SO ORDERED.

Signed at Houston, Texas, on this 29th day of March, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

---

[1] Docket No. 4:14-cv-3223 has already been closed due to the consolidation.